JS-44 (Rev. 12/0?)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Schmolz+Bickenbach USA, Inc., et al.

**DEFENDANTS**
Julie Ringwood, et al.

**(b)** County of Residence of First Listed Plaintiff  DuPage, Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Montgomery, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Madeline M. Sherry, Esquire, Gibbons P.C., 1700 Two Logan Square, 18th & Arch Sts., Phila., PA 19103 - 215-446-6201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA, 29 U.S.C. Section 1132
Brief description of cause:
Plaintiffs seek restitution in excess of $150,000 for overpayments to Defendants

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                DOCKET NUMBER

DATE
12/04/2009

SIGNATURE OF ATTORNEY OF RECORD
*Madeline L Sherry*

DEC  4 2009

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

#350   **GP**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SCHMOLZ+BICKENBACH USA, INC.,
AS SPONSOR OF THE UGITECH USA,
INC. MONEY PURCHASE PLAN, THE
UGITECH USA, INC. MONEY
PURCHASE PLAN, AND TONY
ELFSTROM, TRUSTEE OF THE
UGITECH USA, INC. MONEY
PURCHASE PLAN

Case No. **09     5771**

**Plaintiffs**

**COMPLAINT**

v.

JULIE RINGWOOD, BRIAN KANE,
MICHAEL GOOTMAN, BRIAN DAUBLE,
JILL DELUCIA, PATRICK MULLANEY,
MAUREEN ZELEZNOCK, AND
CHRISTOPHER ZIMMER

**FILED**

DEC 0 4 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**Defendants.**

Plaintiffs Schmolz+Bickenbach USA, Inc., Ugitech USA Inc. Money Purchase Plan (the "Plan"), and Tony Elfstrom, in his capacity as trustee of the Ugitech USA Inc. Money Purchase Plan (collectively, the "Plaintiffs"), by and through their undersigned attorneys, state the following as and for their Complaint:

**THE PARTIES**

1.     Schmolz+Bickenbach USA, Inc. ("S+B") is a corporation of the State of Illinois, with its principal place of business at 365 Village Drive, Carol Stream, Illinois, and is the current sponsor of the Plan.

#1457131 v1
106081-67382

2.      The Plan was established in 1985, and is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1003(2)(A).

3.      Tony Elfstrom was appointed as trustee of the Plan on December 13, 2007.

4.      On information and belief, Defendant Julie Ringwood ("Ringwood") resides at 15 Wismer Road, Schwenksville, Pennsylvania.

5.      On information and belief, Defendant Brian Kane ("Kane") resides at 3469 W. 152nd Street, Cleveland, Ohio.

6.      On information and belief, Defendant Michael Gootman ("Gootman") resides at 146 Overholt Drive, Perkasie, Pennsylvania.

7.      On information and belief, Defendant Brian Dauble ("Dauble") resides at One Buck Lane, Boothwyn, Pennsylvania.

8.      On information and belief, Defendant Jill Delucia ("Delucia") resides at 68 Bonnie Road, Richboro, Pennsylvania.

9.      On information and belief, Defendant Patrick Mullaney ("Mullaney") resides in Ottsville, Tinicum Township, Pennsylvania, and has a mailing address of P.O. Box 173, Ottsville, Pennsylvania.

10.     On information and belief, Defendant Maureen Zeleznock ("Zeleznock") resides at 102 Terwood Lane, Lansdale, Pennsylvania.

11.     On information and belief, Defendant Christopher Zimmer ("Zimmer") resides at 4404 Sunflower Court, Doylestown, Pennsylvania.

2

## JURISDICTION AND VENUE

12.    This Court has original federal-question jurisdiction over this action under 28 U.S.C. § 1331 because the matter involves the parties' rights and obligations under Section 502 of ERISA, 29 U.S.C. § 1132(a)(3).

13.    Venue is proper in this Court and District under 29 U.S.C. § 1132(e)(2) as the Defendants reside in this District, or have consented to service of process on their attorneys in this district.

## BACKGROUND

14.    Ringwood, Kane, Gootman, Dauble, Delucia, Mullaney, Zeleznock, and Zimmer (each a "Defendant" and together, the "Defendants") are former employees of Ugitech USA, Inc. ("Ugitech"), and were participants in the Plan.

15.    Ugitech was merged with and into S+B as of May 1, 2008.

16.    The Plan was last amended and restated on December 30, 2008, effective as of January 1, 2008, in accordance with Rev. Proc. 2007-44, Section 8, however the relevant sections of the Plan documents were not amended or altered by the December 30 restatement. Copies of relevant pages from the Plan documents and the Summary Plan Description are annexed hereto as Exhibit A.

17.    Ugitech was the sponsor of the Plan until the merger, when S+B succeeded Ugitech as the Plan sponsor.

18.    The Plan provides retirement benefits to eligible employees, with contributions made by the employer.

3

19.     The employment of all Defendants with S+B was terminated during 2008 on the dates indicated on Exhibit B, attached hereto.  Upon the termination of his or her employment, each Defendant became eligible to request a distribution of Plan benefits in the form of a lump sum instead of an annuity.  All of the Defendants elected the lump sum distribution.

20.     The amount of benefits payable to a participant pursuant to a lump sum distribution is determined by the actuarial value of the employee's benefits on the "Distribution Determination Date," which is a date "determined in the manner specified in the Adoption Agreement."  See Section 2.5.5 of the Basic Plan 01, annexed hereto as part of Exhibit A.

21.     Section F.4.a of the Adoption Agreement and Article X of the Summary Plan Description, annexed hereto as part of Exhibit A, both provide that the Distribution Determination Date for participants that terminate their employment prior to death, disability, or retirement is the "the last day of the Plan Year coinciding with or next following the date of termination." (emphasis added).  For participants who terminated their employment in 2008 prior to death, disability, or retirement, the Distribution Determination Date was December 31, 2008.

22.     The employment of all of the Defendants was terminated prior to death, disability, or retirement.

23.     Prior to 2008, distributions to participants were calculated by American Pension Corporation pursuant to instructions received from Ugitech as Plan administrator.

24.     During 2008, after the merger of Ugitech with and into S+B, distributions to participants were calculated by the Human Resources Director of S+B, who was named Plan administrator (the "S+B Plan Administrator").

4

25.     The S+B Plan Administrator processed distributions for the Defendants and, in doing so, erroneously used December 31, 2007, not December 31 2008, as the Distribution Determination Date.

26.     As a result of the error by the S+B Plan Administrator, the distribution made to each Defendant was significantly greater than it would have been had the correct Distribution Determination Date been used.

27.     In addition, with respect to Defendant Mullaney, the S+B Plan Administrator failed to reduce the distribution to Mullaney by the amount of $42,599.66, the portion of Mullaney's account balance representing security for a loan made to Mullaney from the Plan in accordance with the Plan's terms. The overpayment attributable to Mullaney includes this erroneous distribution.

28.     The distribution to each Defendant, including the erroneously paid excess amounts (the "Overpayment") were "rolled over" into IRA accounts maintained or established by the Defendants, or, with respect to Ringwood, to a qualified pension plan. Copies of each Defendants' rollover distribution request form, showing the recipient of the Overpayment distributed for further credit to each Defendant, and the account number of each Defendant, are annexed hereto as Exhibit C and are incorporated into this Paragraph by reference.

29.     On or about February 25, 2009, the Plan trustee discovered the Overpayments during an internal review of the Plan.

30.     In letters dated May 11, 2009 to all Defendants, and June 12, 2009 to Zimmer, Plaintiffs demanded that each Defendant reimburse the Plan for the amount of the Overpayment to that Defendant. Copies of said letters are annexed hereto as Exhibit D.

5

31.     Defendants have wrongfully failed or refused to reimburse the Plan for the amount of the Overpayments.

32.     The Plaintiffs seek appropriate relief under ERISA, 29 U.S.C. § 1001 *et seq.*

## COUNT I

### Restitution Under Section 1132(a)(3) of ERISA as to Ringwood

33.     Plaintiffs hereby adopt and incorporate Paragraphs 1 through 32 of their Complaint as if set forth fully herein.

34.     By failing to reimburse the Plan for the Overpayment paid to her in the amount of $5,784.70, Ringwood has retained possession of funds that rightfully belong to the Plan.

35.     On information and belief, Ringwood has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

36.     Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Ringwood has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Ringwood awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

(a)     An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Ringwood received from the Plan;

(b)     An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Ringwood received from the Plan;

(c)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(d)     An order that Ringwood make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

(e)     An order enjoining Ringwood, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Ringwood to repay the Plan the full amount of the Overpayment;

#1457131 v1
106081-67382

(f)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(g)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

## COUNT II

### Unjust Enrichment of Ringwood

37.    Plaintiffs hereby adopt and incorporates Paragraphs 1 through 36 of their Complaint as if set forth fully herein.

38.    By receiving funds from the Plan in the amount of $5,784.70 to which she is not entitled, Ringwood has been unjustly enriched.

39.    By failing to reimburse the Plan for the full amount of the Overpayment, Ringwood has been unjustly enriched

40.    Plaintiffs have a right to recoup all Plan benefits that Ringwood has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Ringwood, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

(a)    An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Ringwood received from the Plan;

(b)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(c)    An order directing Ringwood to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Ringwood to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

(d)    An order enjoining Ringwood, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Ringwood to repay the Plan the full amount of the Overpayment;

(e)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(f)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

7

## COUNT III

### Restitution Under Section 1132(a)(3) of ERISA as to Kane

41.     Plaintiffs hereby adopt and incorporate Paragraphs 1 through 40 of their Complaint as if set forth fully herein.

42.     By failing to reimburse the Plan for the Overpayment paid to him in the amount of $12,381.28, Kane has retained possession of funds that rightfully belong to the Plan.

43.     On information and belief, Kane has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

44.     Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Kane has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Kane awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

    (a)    An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Kane received from the Plan;

    (b)    An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Kane received from the Plan;

    (c)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

    (d)    An order that Kane make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

    (e)    An order enjoining Kane, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Kane to repay the Plan the full amount of the Overpayment;

    (f)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

    (g)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

#1457131 v1
106081-67382

## COUNT IV

### Unjust Enrichment of Kane

45.     Plaintiffs hereby adopt and incorporates Paragraphs 1 through 44 of their Complaint as if set forth fully herein.

46.     By receiving funds from the Plan in the amount of $12,381.28 to which he is not entitled, Kane has been unjustly enriched.

47.     By failing to reimburse the Plan for the full amount of the Overpayment, Kane has been unjustly enriched

48.     Plaintiffs have a right to recoup all Plan benefits that Kane has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Kane, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

      (a)    An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Kane received from the Plan;

      (b)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

      (c)    An order directing Kane to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Kane to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

      (d)    An order enjoining Kane, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Kane to repay the Plan the full amount of the Overpayment;

      (e)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

      (f)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

#1457131 v1
106081-67382

## COUNT V

### Restitution Under Section 1132(a)(3) of ERISA as to Gootman

49.     Plaintiffs hereby adopt and incorporate Paragraphs 1 through 48 of their Complaint as if set forth fully herein.

50.     By failing to reimburse the Plan for the Overpayment paid to him in the amount of 70,322.99, Gootman has retained possession of funds that rightfully belong to the Plan.

51.     On information and belief, Gootman has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

52.     Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Gootman has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Gootman awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

(a)     An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Gootman received from the Plan;

(b)     An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Gootman received from the Plan;

(c)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(d)     An order that Gootman make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

(e)     An order enjoining Gootman, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Gootman to repay the Plan the full amount of the Overpayment;

(f)     An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(g)     An order granting Plaintiffs such other and further relief as the Court deems just and proper.

10

## COUNT VI

### Unjust Enrichment of Gootman

53.     Plaintiffs hereby adopt and incorporates Paragraphs 1 through 52 of their Complaint as if set forth fully herein.

54.     By receiving funds from the Plan in the amount of $70,322.99 to which he is not entitled, Gootman has been unjustly enriched.

55.     By failing to reimburse the Plan for the full amount of the Overpayment, Gootman has been unjustly enriched

56.     Plaintiffs have a right to recoup all Plan benefits that Gootman has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Gootman, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

(a)     An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Gootman received from the Plan;

(b)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(c)     An order directing Gootman to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Gootman to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

(d)     An order enjoining Gootman, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Gootman to repay the Plan the full amount of the Overpayment;

(e)     An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(f)     An order granting Plaintiffs such other and further relief as the Court deems just and proper.

11

#1457131 v1
106081-67382

## COUNT VII

### Restitution Under Section 1132(a)(3) of ERISA as to Dauble

57.     Plaintiffs hereby adopt and incorporate Paragraphs 1 through 56 of their Complaint as if set forth fully herein.

58.     By failing to reimburse the Plan for the Overpayment paid to him in the amount of $25,782.38, Dauble has retained possession of funds that rightfully belong to the Plan.

59.     On information and belief, Dauble has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

60.     Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Dauble has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Dauble awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

    (a)     An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Dauble received from the Plan;

    (b)     An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Dauble received from the Plan;

    (c)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

    (d)     An order that Dauble make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

    (e)     An order enjoining Dauble, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Dauble to repay the Plan the full amount of the Overpayment;

    (f)     An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

    (g)     An order granting Plaintiffs such other and further relief as the Court deems just and proper.

#1457131 v1
106081-67382

## COUNT VIII

### Unjust Enrichment of Dauble

61.     Plaintiffs hereby adopt and incorporates Paragraphs 1 through 60 of their Complaint as if set forth fully herein.

62.     By receiving funds from the Plan in the amount of $25,782.38 to which he is not entitled, Dauble has been unjustly enriched.

63.     By failing to reimburse the Plan for the full amount of the Overpayment, Dauble has been unjustly enriched.

64.     Plaintiffs have a right to recoup all Plan benefits that Dauble has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Dauble, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

(a)     An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Dauble received from the Plan;

(b)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(c)     An order directing Dauble to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Dauble to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

(d)     An order enjoining Dauble, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Dauble to repay the Plan the full amount of the Overpayment;

(e)     An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(f)     An order granting Plaintiffs such other and further relief as the Court deems just and proper.

13

#1457131 v1
106081-67382

## COUNT IX

### Restitution Under Section 1132(a)(3) of ERISA as to Delucia

65.    Plaintiffs hereby adopt and incorporate Paragraphs 1 through 64 of their Complaint as if set forth fully herein.

66.    By failing to reimburse the Plan for the Overpayment paid to her in the amount of $4,497.40, Delucia has retained possession of funds that rightfully belong to the Plan.

67.    On information and belief, Delucia has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

68.    Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Delucia has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Delucia awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

(a)    An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Delucia received from the Plan;

(b)    An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Delucia received from the Plan;

(c)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(d)    An order that Delucia make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

(e)    An order enjoining Delucia, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Delucia to repay the Plan the full amount of the Overpayment;

(f)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(g)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

14

## COUNT X

### Unjust Enrichment of Delucia

69.     Plaintiffs hereby adopt and incorporates Paragraphs 1 through 68 of their Complaint as if set forth fully herein.

70.     By receiving funds from the Plan in the amount of $4,497.40 to which she is not entitled, Delucia has been unjustly enriched.

71.     By failing to reimburse the Plan for the full amount of the Overpayment, Delucia has been unjustly enriched

72.     Plaintiffs have a right to recoup all Plan benefits that Delucia has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Delucia, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

    (a)    An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Delucia received from the Plan;

    (b)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

    (c)    An order directing Delucia to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Delucia to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

    (d)    An order enjoining Delucia, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Delucia to repay the Plan the full amount of the Overpayment;

    (e)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

    (f)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

#1457131 v1
106081-67382

## COUNT XI

### Restitution Under Section 1132(a)(3) of ERISA as to Mullaney

73.     Plaintiffs hereby adopt and incorporate Paragraphs 1 through 72 of their Complaint as if set forth fully herein.

74.     By failing to reimburse the Plan for the Overpayment paid to him in the amount of $80,266.27, Mullaney has retained possession of funds that rightfully belong to the Plan.

75.     On information and belief, Mullaney has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

76.     Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Mullaney has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Mullaney awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

(a)     An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Mullaney received from the Plan;

(b)     An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Mullaney received from the Plan;

(c)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(d)     An order that Mullaney make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

(e)     An order enjoining Mullaney, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Mullaney to repay the Plan the full amount of the Overpayment;

(f)     An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(g)     An order granting Plaintiffs such other and further relief as the Court deems just and proper.

16

## COUNT XII

### Unjust Enrichment of Mullaney

77.     Plaintiffs hereby adopt and incorporates Paragraphs 1 through 76 of their Complaint as if set forth fully herein.

78.     By receiving funds from the Plan in the amount of $80,266.27 to which he is not entitled, Mullaney has been unjustly enriched.

79.     By failing to reimburse the Plan for the full amount of the Overpayment, Mullaney has been unjustly enriched

80.     Plaintiffs have a right to recoup all Plan benefits that Mullaney has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Mullaney, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

(a)     An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Mullaney received from the Plan;

(b)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(c)     An order directing Mullaney to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Mullaney to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

(d)     An order enjoining Mullaney, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Mullaney to repay the Plan the full amount of the Overpayment;

(e)     An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(f)     An order granting Plaintiffs such other and further relief as the Court deems just and proper.

17

## COUNT XIII

### Breach of Contract as to Mullaney

81.    Plaintiffs hereby adopt and incorporate Paragraphs 1 through 80 of their Complaint as if set forth fully herein.

82.    On or about August 23, 2006, Mullaney borrowed the sum of $44,109.58 from the Plan (the "Loan").

83.    The Loan complied with the requirements of Section 72(p) of the Internal Revenue Code, therefore the Loan was not deemed to be a distribution to Mullaney.

84.    As set forth in the Employee Loan Statement of Disclosure, attached as Exhibit E, Mullaney agreed to repay monthly the sum of $201.86 for a period of twenty (20) years, later changed to $186.04 effective as of May 16, 2008.

85.    After his employment was terminated, on or about May 9, 2008, Mullaney stopped making monthly payments. The outstanding balance of the Loan was $42,599.66.

86.    Cessation of monthly payments constitutes a default on the Loan under the terms of the Loan note and Treas. Reg. § 1.72(p)-1, Q&A 10

87.    The Employee Loan Statement of Disclosure signed by Mullaney, a copy of which is attached as Exhibit E, permits the Plan to recover the amount of the Loan default if Mullaney's vested accrued benefit or account in the Plan is insufficient to offset the outstanding Loan balance.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Mullaney, and award Plaintiff appropriate relief, including:

(a)    An order awarding Plaintiff the sum of $42,599.66;

18

(b)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(c)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

## COUNT XIV

### Restitution Under Section 1132(a)(3) of ERISA as to Zeleznock

88.    Plaintiffs hereby adopt and incorporate Paragraphs 1 through 87 of their Complaint as if set forth fully herein.

89.    By failing to reimburse the Plan for the Overpayment paid to her in the amount of $16,116.58, Zeleznock has retained possession of funds that rightfully belong to the Plan.

90.    On information and belief, Zeleznock has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

91.    Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Zeleznock has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Zeleznock awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

(a)    An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Zeleznock received from the Plan;

(b)    An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Zeleznock received from the Plan;

(c)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(d)    An order that Zeleznock make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

(e)    An order enjoining Zeleznock, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Zeleznock to repay the Plan the full amount of the Overpayment;

(f)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

19

(g)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

## COUNT XV

### Unjust Enrichment of Zeleznock

92.    Plaintiffs hereby adopt and incorporates Paragraphs 1 through 91 of their Complaint as if set forth fully herein.

93.    By receiving funds from the Plan in the amount of $16,116.58 to which she is not entitled, Zeleznock has been unjustly enriched.

94.    By failing to reimburse the Plan for the full amount of the Overpayment, Zeleznock has been unjustly enriched

95.    Plaintiffs have a right to recoup all Plan benefits that Zeleznock has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Zeleznock, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

(a)    An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Zeleznock received from the Plan;

(b)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(c)    An order directing Zeleznock to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Zeleznock to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

(d)    An order enjoining Zeleznock, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Zeleznock to repay the Plan the full amount of the Overpayment;

(e)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(f)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

#1457131 v1
106081-67382

## COUNT XVI

### Restitution Under Section 1132(a)(3) of ERISA as to Zimmer

96.     Plaintiffs hereby adopt and incorporate Paragraphs 1 through 95 of their Complaint as if set forth fully herein.

97.     By failing to reimburse the Plan for the Overpayment paid to him in the amount of $63,922.32, Zimmer has retained possession of funds that rightfully belong to the Plan.

98.     On information and belief, Zimmer has profited unduly from the possession, use, or investment of funds that rightfully belong to the Plan.

99.     Restitution of the amount of the benefits paid by the Plan is necessary to recoup the profits that Zimmer has unlawfully obtained.

WHEREFORE, the Plaintiffs demand judgment against Zimmer awarding Plaintiffs appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including:

(a)     An order declaring that Plaintiffs have an equitable lien against Defendant's IRA account for the full amount of the Overpayment that Zimmer received from the Plan;

(b)     An order declaring that the Plan is the rightful owner of the full amount of the Overpayment that Zimmer received from the Plan;

(c)     An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(d)     An order that Zimmer make restitution to Plaintiffs on behalf of the Plan in the amount of the Overpayment;

(e)     An order enjoining Zimmer, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Zimmer to repay the Plan the full amount of the Overpayment;

(f)     An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(g)     An order granting Plaintiffs such other and further relief as the Court deems just and proper.

21

## COUNT XVII

### Unjust Enrichment of Zimmer

100.    Plaintiffs hereby adopt and incorporates Paragraphs 1 through 99 of their Complaint as if set forth fully herein.

101.    By receiving funds from the Plan in the amount of $63,922.32 to which he is not entitled, Zimmer has been unjustly enriched.

102.    By failing to reimburse the Plan for the full amount of the Overpayment, Zimmer has been unjustly enriched

103.    Plaintiffs have a right to recoup all Plan benefits that Zimmer has received but to which he is not entitled.

WHEREFORE, the Plaintiffs request that the Court enter judgment against Zimmer, and award Plaintiff appropriate equitable relief pursuant under ERISA, including:

(a)    An order declaring that the Plan is the rightful owner of the full amount of the benefit overpayment that Zimmer received from the Plan;

(b)    An Order imposing a constructive trust on the IRA account into which the Overpayment was rolled over;

(c)    An order directing Zimmer to pay or turn over to Plaintiffs the full amount of the Overpayment, and directing Zimmer to execute any documents or instruments necessary to transfer to the Plan legal title of any property purchased with funds that rightfully belong to the Plan;

(d)    An order enjoining Zimmer, and all those acting in concert with him or on his behalf, from disposing of any assets necessary for Zimmer to repay the Plan the full amount of the Overpayment;

(e)    An order awarding Plaintiffs interest, costs, and reasonable attorney's fees; and

(f)    An order granting Plaintiffs such other and further relief as the Court deems just and proper.

22

#1457131 v1
106081-67382

DATED:  December 4, 2009

**GIBBONS P.C.**

By:  Madeline M. Sherry, Esq.
1700 Two Logan Square
Philadelphia, PA 19103
Phone:  (215) 446-6201
Facsimile:  (215) 446-6311
msherry@gibbonslaw.com
Attorneys for Plaintiffs

23

#1457131 v1
106081-67382