# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SCHMOLZ+BICKENBACH USA, Inc., *et al.*, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **BRIAN DAUBLE,** *et al.*, | : | |
| Defendants. | : | No. 09-5771 |

# **M E M O R A N D U M**

PRATTER, J.                                                                                     JANUARY 28, 2011

**INTRODUCTION**

Three Plaintiffs – Schmolz + Bickenback USA, Inc. ("S+B"), the Ugitech, USA Inc. Money Purchase Plan ("the Plan") and Plan trustee Tony Elfstrom – claim that the Defendants, former employees of S+B's successor corporation, were unjustly enriched as the result of an error that the Plaintiffs made in calculating pension plan distributions to the Defendants (collectively, "the Employees"). The Plaintiffs claim that they are entitled to restitution. The claim arises pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

In answering the Complaint, the Employees filed counterclaims against the Plan, seeking declaratory relief; against all of the Plaintiffs, seeking equitable relief; and against Mr. Elfstrom, alleging breach of fiduciary duty. Although there were eight Defendant Employees when the Complaint was first filed, five have settled with the Plaintiffs and are no longer parties. The three remaining Employees are Brian Dauble, Patrick Mullaney and Christopher Zimmer.

In two similar motions now before the Court, the Plaintiffs seek dismissal of all of the Employees' counterclaims.[1] For the reasons set forth below, these motions will be granted.

---

        [1]       The two motions are nearly identical, and correspond to two nearly identical sets of counterclaims, one filed by Messrs. Dauble and Mullaney and the other by Mr. Zimmer.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## FACTUAL AND PROCEDURAL BACKGROUND

S+B is an Illinois corporation, and is the current sponsor of the Plan, which was established in 1985 and is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1003(2)(A). Mr. Elfstrom was appointed trustee of the Plan on December 13, 2007, and S+B became the sponsor of the Plan when the Plan's original sponsor, Ugitech USA ("Ugitech"), merged into S+B on May 1, 2008.

The Employees are citizens of Pennsylvania, former employees of Ugitech, and former participants in the Plan. In 2008, each of the Employees was terminated by S+B, and became eligible to request a distribution of Plan benefits, either in the form of a lump sum or in the form of an annuity. Each Employee elected to receive a lump sum distribution, and their distributions were duly "rolled over" into their IRA accounts.

In December of 2009, the Plaintiffs sued the Employees, alleging in a 17-count Complaint that each of the Employees had, due to an error on the part of the Plaintiffs, received more than the amount to which he or she was entitled; and further alleging that the Employees had refused to reimburse the Plaintiffs once the mistake had been discovered. As against each Employee, the Plaintiffs have asserted one claim of unjust enrichment and a second requesting

2

restitution pursuant to Section 1132(a)(3) of ERISA.[2]

At all relevant times, the distributions to Plan participants were calculated by S+B's Director of Human Resources, who was also the Plan Administrator. The Plaintiffs claim that in processing the distributions to the Employees, the Plan Administrator made an error that led each Employee to receive a significantly larger distribution than was appropriate.[3] Specifically, the Plaintiffs say that the Plan Administrator incorrectly used a "distribution determination date" of December 31, 2007 instead of December 31, 2008.[4] The choice of date is significant because the value of the Plan declined substantially during the 2008 calendar year, so an earlier distribution determination date – *i.e.*, one before the decline in value – entailed a much larger distribution.

In February of 2010, Messrs. Dauble and Mullaney – along with two other Employees who are no longer parties – filed an answer asserting two counterclaims against the Plan and all of the Plaintiffs seeking declarative and injunctive relief (Counts I and II), and a third against Mr. Elfstrom, as the Plan's trustee, alleging breach of fiduciary duty (Count III). Mr. Zimmer soon thereafter also filed an answer presenting substantially identical counterclaims. The Plaintiffs

---

[2] This provision allows for a "participant, beneficiary, or fiduciary" to sue under ERISA to "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3).

[3] The Plaintiffs seek $25,782.38 from Mr. Dauble, $63,922.32 from Mr. Zimmer, and $80,266.27 from Mr. Mullaney. Some of the money that the Plaintiffs seek to recover from Mr. Mullaney was originally provided to him in the form of a loan under the Plan.

[4] Plaintiffs argue that a determination date of December 31, 2008 was appropriate because the Plan's documentation says the date shall be "the last day of the Plan Year coinciding with or next following the date of termination," and because each Employee was terminated at some point in 2008. The Employees dispute that their distributions were excessive or improper. In ruling on the motions to dismiss the counterclaims, the Court need not address this issue.

have moved to dismiss all of the counterclaims, primarily on the ground that the Employees lack standing to pursue them because they have not pled any cognizable injury.

**LEGAL STANDARDS**

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 127 S. Ct. at 1964-65 (2007) (*quoting Conley*, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... ." *Id.* at 1965 (citations omitted). To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (confirming that *Twombly* applies to all civil cases).

The Court must accept the allegations in the complaint as true. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 127 S. Ct. at 1965 (courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

4

However, the Court does not need to accept as true a plaintiff's "unsupported conclusions and unwarranted inferences," *Doug Grant v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) *(citing City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or a plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d. 902, 906 (3d Cir. 1997).

The Court of Appeals and several district courts in this Circuit have noted that the pleading standards set forth in *Twombly* and *Iqbal* apply with equal force to crossclaims, counterclaims, and third-party complaints. *See, e.g., Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 256 n.13 (3d Cir. 2010) (applying *Iqbal* to crossclaims); *Tes Franchising, LLC v. Dombach*, 2010 U.S. Dist. LEXIS 124751 at *6 (E.D.Pa. November 24, 2010) (applying *Iqbal* to counterclaims); *Simon Prop. Gr. v. Palombaro*, 682 F. Supp. 2d 508, 511 (W.D. Pa. 2010) (same). The Court agrees that these pleadings should be subject to the same standards.

### DISCUSSION

#### A. *Counts I and II*

Count I of each of the counterclaims seeks, against the Plan, "a declaration that the distributions made to [the Employees] and the similarly-situated Plan Participants was correct and proper." Count II asks for equitable relief in the form of an Order that would (1) enjoin the Plaintiffs from asserting a claim against any Plan members for overpayments, and (2) require the Plaintiffs to issue refunds to Plan members who have already repaid Employees for alleged overpayments stemming from its use of the December 31, 2007 determination date.

The Plaintiffs argue that Counts I and II must be dismissed because the Employees have

failed to assert any claim which would, if proven, redound to their own benefit. For a plaintiff to have standing to pursue a claim, he must have suffered an injury in fact which is concrete and particularized, as well as actual or imminent. *Storino v. Borough of Pount Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003). The party asserting a claim has the burden to show that he or she has standing. *Winer Family Trust v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007).

In this case, the Employees have not suffered a cognizable injury. In Count I, the Employees seek to retain for themselves funds that they have already received. No injury has yet been suffered. And the declarative relief that is requested can prevent no *imminent* injury, since the particular declaration sought – namely, that the distribution to the Employees was correct and proper – is essentially and merely the inverse of the Plaintiffs' case in chief. If that case ends up resolved in the Plaintiffs' favor, the return of any wrongly-distributed funds will not constitute a cognizable injury, since such a return will occur pursuant to law or voluntary assent. If it is resolved in the Employees' favor, then there will have been no injury at all.

As for Count II, the Employees are ostensibly seeking to protect the rights of other Plan members who have been or will be asked to return alleged overpayments stemming from the use of the December 31, 2007 determination date. This is not an injury to the litigant Employees themselves, and while there are special circumstances under which a plaintiff may be entitled to assert a claim on behalf of a non-litigant, none of those are present here.[5] The Court recognizes that "third parties themselves usually will be the best proponents of their own rights," *Singleton*

---

[5] Aside from the fact that Employees have not pled an injury to themselves, they have neither pled facts showing that they enjoy a "close relationship" with other Plan members, nor pled facts suggesting that there are obstacles preventing those members from pursuing their own claims. *See Nasir v. Morgan*, 350 F.3d 366, 376 (3d Cir. 2003).

6

*v. Wulff*, 428 U.S. 106, 114 (1976), and has been given no reason to worry that any other Plan members who have been or will be asked to return any alleged overpayments were or are incapable of contesting such requests on their own (should they believe them to be unjustified).

The Employees have not met their burden to show that they have standing to pursue counterclaim Counts I and II against the Plaintiffs, and both Counts will thus be dismissed.

**B.**     ***Count III***

Unlike Counts I and II, Count III imagines in the alternative that the Plaintiffs' case in chief is correct. If the Plaintiffs are right, and an error regarding the determination date yielded a batch of excessive distributions, then the Plan's trustee, Mr. Elfstrom, breached a fiduciary duty to all of the Plan members – including the three litigant Employees – when he made excessive distributions to *the litigant Employees themselves* in violation of Plan terms.[6]

On the face of the counterclaim, the Employees have failed to plead an injury. It is theoretically conceivable that all of the excessive distributions, taken in the aggregate, reduced the amount of each of the Employees' individual distributions by more than he was overpaid. (In addressing the sufficiency of Count III, an overpayment to each Employee can be assumed.) But if they did not, then the net result of Mr. Elfstrom's alleged breach would have been to leave each Employee in a financial position *better* than the one in which he would have stood without the alleged breach for which he and his former colleagues are now suing. The counterclaim provides no factual basis for concluding that the first of these two alternative scenarios is the one with the

---

[6]     Mr. Elfstrom's alleged breach would also include the loan to Mr. Mullaney that the Plaintiffs are seeking to recover as part of their case in chief. *See* fn. 3, *supra*.

Court is presented.

Count III does not plead any non-hypothetical injury. The counterclaim does not explain how Mr. Elfstrom's alleged breach harmed the Employees as individuals, but only the Plan or the Plan members as a group. The Employees lack standing to present their breach of fiduciary duty claim on behalf of themselves or anyone else. *See Nasir*, 350 F.3d at 376 (noting that a plaintiff who seeks to assert third-party standing must have suffered a non-speculative injury).

**CONCLUSION**

Messrs. Dauble, Mullaney and Zimmer lack standing to pursue Counts I, II and III of the counterclaim on behalf of themselves or any third parties, and thus the Plaintiffs' twin motions to dismiss these claims will be granted in their entirety. An order to this effect follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE